# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHELLE COLLINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. _____ |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

COMES NOW Plaintiff Michelle Collins, and for her causes of action against all defendant(s) alleges and avers as follows:

### PARTIES, GENERAL ALLEGATIONS, JURISDICTION AND VENUE

1. Plaintiff Michelle Collins (hereinafter "Plaintiff") is an individual currently residing in Lexington, Missouri. At all relevant times she has been employed by Union Pacific Railroad Company.

2. Union Pacific Railroad Company ("UPRC") is a corporation organized and existing under the laws of the State of Nebraska. Defendant UPRC may be served by and through its Registered Agent, The Corporation Company, 120 South Central Ave., Clayton, MO 63105. This Defendant, at all times pertinent to this action, has operated and done business in the state of Missouri.

3. Both jurisdiction and venue are proper in this federal Court. Plaintiff and Defendant are citizens of different states. The amount in controversy exceeds $75,000.00. This Court has diversity jurisdiction under 28 U.S.C. § 1332.

1

4. This Court has jurisdiction over plaintiff's discrimination claims arising out of 42 U.S.C. § 1981.

**FACTUAL BACKGROUND OF PLAINTIFF'S CLAIMS**

5. Plaintiff hereby incorporates by reference all previously stated allegations in ¶¶1 through 4 above.

6. Plaintiff is an African American female.

7. Plaintiff began her employment with Defendant UPRC in approximately July 1979 and retired in approximately April 2021. Plaintiff's last position was a Yard Office Coordinator / Chief Clerk.

8. Plaintiff satisfactorily performed the duties of her positions and received good performance evaluations.

9. Throughout Plaintiff's entire employment tenure, she was subjected to harassment because of her race and/or color.

10. Plaintiff worked as a Material Handler in the Supply Department from March 30, 2009, through December 19, 2019.

11. Caucasian female Samantha Miller was the Manager of Supply Operations in Kansas City from approximately April 2017 through approximately May 2018. Immediately after assuming the position of Manager, Miller introduced herself to Plaintiff by saying, "I'm the person who is going to make everyone's lives miserable."

12. Miller discriminated against Plaintiff on multiple occasions throughout Miller's tenure as Manager of Supply Operations in Kansas City. Miller's discriminatory misconduct would include, but was not limited to, repeated verbal abuse and yelling, ignoring Plaintiff while speaking to the Plaintiff's white coworkers, refusing to pay Plaintiff overtime as afforded by the

Collective Bargaining Agreement, docking Plaintiff's pay for circumstances that were not enforced for all employees, and assigning a larger workload to Plaintiff and other minorities than the rest of the Supply Department.

13. Plaintiff made multiple complaints to upper management, and also filed Values Line Complaints. Plaintiff was never interviewed by the EEO department in response to her complaints, and she never received a resolution to any of her complaints.

14. In December 2019, after Plaintiff's Material Handler position in the Supply Department was abolished. Plaintiff used her seniority to bid into the Yard Office Coordinator / Chief Clerk ("YOC") position in December 2019, and maintained that position through her retirement in April 2021.

15. At first, Plaintiff bumped into a third shift YOC position and was trained by white female, Cheryl Harris. During Plaintiff's first day of training, Harris ordered Plaintiff to "sit over there" because she "did not have time to train" Plaintiff. Plaintiff called Labor Relations and stated that she was not going to be able to qualify, because Harris refused to train her. Labor Relations stated that multiple complaints had been received concerning Harris, and that Plaintiff would be moved to second shift for training.

16. After Plaintiff was moved to second shift, Plaintiff was then trained by white female, Ronda VanLew. Plaintiff's training was the bare minimum basics, which did not include going through the Clerical Policy Manual, and was shorted on the training period from 30 days to 18 days. Plaintiff felt that she was set up for failure.

17. Minorities within the Relief Clerk and/or full-time YOC position were treated disadvantageously compared to their white coworkers, including but not limited to receiving

3

differential disciplinary actions, and having their pay docked because of tardiness due to circumstances beyond their control: a train blocking the entrance.

18. Plaintiff was disciplined more harshly than her white coworkers. For example, because a train was late, and although members of upper management were calling for Plaintiff's termination, Plaintiff was instead subjected to an involuntary and unnecessary drug test and breathalyzer because it was the "less of the two options." No other employee was forced to go suffer through such stigmatizing testing requirements.

19. Plaintiff made multiple complaints to upper management as well as filed Values Line Complaints. Plaintiff was never interviewed by the EEO department in response to her complaints, and never received a resolution to any of her complaints.

20. In February 2021, Plaintiff used her seniority to bump VanLew and return to first shift. Even though VanLew was released from her position immediately, Plaintiff was not allowed to resume the position and (as should have happened), but was held captive on third shift for a month. During that time, Jenny Frazier, a white female who is on the extra board – that is to fill in the position on a temporary as-needed basis – was allowed to fill the first shift position instead of filling the third shift position. This violated established practices and procedures.

## COUNT I
## RACE DISCRIMINATION/RETALIATION/HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C.§1981

21. Plaintiff hereby incorporates by reference all previously stated allegations in ¶¶ 1 through 20 above, including the entire contents of her Charge filed with the EEOC.

22. The continuing series of events planned and carried out by Defendant UPRC, as described above, were continuously discriminatory, severe, pervasive, hostile, abusive, and harassing.

4

Case 4:21-cv-00634-DGK   Document 1   Filed 09/01/21   Page 4 of 6

23. Defendant's misconduct, as alleged above, constitutes racial discrimination and retaliation in violation of 42 U.S.C. § 1981.

24. On an ongoing basis, Plaintiff has been subjected to a pattern of differential treatment, and her race is a causal factor.

25. As a direct and proximate result of the ongoing discriminatory and harassing misconduct committed by Defendant, Plaintiff has suffered actual damages in the form of lost wages and benefits, humiliation, emotional distress and embarrassment in excess of $75,000.00.

26. The actions of Defendant UPRC and its employees have been willful, and in reckless disregard for the rights of Plaintiff. As a result, Plaintiff is entitled to actual and punitive damages.

27. Plaintiff is entitled to all her actual damages, and to punitive damages, in such amounts as will be proven at trial and found to be reasonable by a jury.

28. If Plaintiff prevails on her claim, she is entitled to recover all attorneys' fees, costs, and expenses as provided by law.

WHEREFORE, Plaintiff prays for judgment, after jury trial, awarding her all actual damages deemed fair and reasonable by the jury; for punitive damages in such amount as is deemed fair and reasonable by the jury; for all attorneys' fees, costs and expenses incurred by plaintiff; and for such other equitable relief as the court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues raised herein.

Respectfully submitted,

THE POPHAM LAW FIRM

By: /s/ Dennis E. Egan
DENNIS E. EGAN - MO #27449
COOPER S. MACH – MO #68223
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone: (816) 221-2288
Telecopier: (816) 221-3999
degan@pophamlaw.com
cmach@pophamlaw.com
**ATTORNEYS FOR PLAINTIFF**